```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**DAVID MCGOWAN**                                               **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 3:06CV488-LRA**

**WEXFORD HEALTH SOURCE MEDICAL DEPT., ET AL**            **DEFENDANTS**

---

### Memorandum Opinion and Order

This cause is before the undersigned United States Magistrate Judge upon the written consent of the parties signed on June 4, 2007, and the assignment of this case for all purposes by District Judge William H. Barbour to the undersigned by Order entered July 3, 2007. The Court has considered the Motion to Dismiss filed by Defendants David Leon Brown and Katrice L. Funchess on May 2, 2007 [#33]; Motion for Summary Judgment filed by Defendants Wexford Health Sources, Inc., and David Leon Brown on November 27, 2007 [#67]; and, Motion for Summary Judgment filed by Defendants Dr. R. Y. Thornton-Walker and LPN Katrice L. Funchess, on November 27, 2007 [#64]. Having considered the Motions, as well as the applicable law, and the testimony given by Plaintiff at the omnibus hearing conducted on June 26, 2007, the Court finds that Defendants' motions are meritorious and shall be granted, and that this case shall be dismissed with prejudice.

### I.  Background and Procedural History

The Plaintiff has been an inmate in the Central Mississippi Correctional Facility from March 16, 2001 through August 7, 2002;

from November 25, 2002, through December 3, 2002; and, from August 4, 2005, through February 22, 2007.  In the interim periods, Plaintiff was incarcerated at the East Mississippi Correctional Facility, at Parchman, and at South Mississippi Correctional Institute.  He was granted a medical release from MDOC custody on February 22, 2007.  His claims in this case arise out of his third and last incarceration at CMCF, although the claims originated during his prior periods of incarceration.

In this case, Plaintiff contends that he was not treated properly for chest pain and that he was denied proper treatment for his back pain complaints and for hernias.  According to Plaintiff, he was not provided a wheelchair and surgery for the hernias.  He conceded that he received treatment at the clinic nearly every week, but that he did not receive the proper treatment.  He contends that all of the named Defendants were responsible for his poor medical treatment, and that all of them were negligent in their duties.  They refused to administer his pain medication and refused to allow him elective hernia surgery or to receive a second medical opinion.

## II.  Legal Standard

Summary judgment is only appropriate where there is no genuine issue as to any material fact and the Defendants are entitled to a judgment as a matter of law."  FED. R. CIV. P. 56( C ). All of the undisputed facts, and any inferences that may be drawn

from those facts, "must be viewed in the light most favorable to the non-moving party," who is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorable to him."  Miller v. Leathers, 913 F.2d 1085, 1086 (4th Cir. 1990), quoting Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).  The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of **material** fact exists.

In this case, the applicable law concerns the medical care that these Defendants were required to provide the Plaintiff, an inmate in their custody.  The Plaintiff concedes that he received much medical care while at CMCF; he was displeased with the care.  Plaintiff has not responded to Defendants' motions, but the Court will consider Plaintiff's testimony from the omnibus hearing and the allegations contained in his complaint as rebuttal to the motions on the merits.  Furthermore, the Plaintiff is prosecuting this case *pro se*, and his pleadings must be liberally construed.  Pena v. United States of America, 122 F.3d 3, 4 (5th Cir. 1997).

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical

needs of prisoners.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104(1976); <u>Harris v. Hegmann</u>, 198 F.3d 153, 159 (5th Cir. 1999). The prisoner plaintiff must show **objectively** that he was exposed to a **substantial risk** of serious harm before any liability can be found. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994), cited in <u>Lawson v. Dallas County</u>, 286 F.3d 257 (5th Cir. 2002).  Then, he must show that jail officials acted or failed to act with **deliberate indifference** to that risk.  Id.  The standard for finding "deliberate indifference" is a **subjective** inquiry, and the prisoner must show that the jail officials were actually aware of the risk, yet consciously disregarded or ignored it.  *Id.* at 837, 839. Deliberate indifference requires **actual knowledge and conscious disregard** of the risk of harm to the plaintiff.  *Id.*

In <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006), the Court of Appeals for the Fifth Circuit summarized the case law regarding the standard of "deliberate indifference" to the medical concerns of prisoners in part as follows:

> ... A prison official acts with deliberate indifference "only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it."  Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.  "Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical

4

>    judgment.'"  A showing of deliberate
>    indifference requires the prisoner to submit
>    evidence that prison officials "'refused to
>    treat him, ignored his complaints,
>    intentionally treated him incorrectly, or
>    engaged in any similar conduct that would
>    clearly evince a wanton disregard for any
>    serious medical needs.'"  "Deliberate
>    indifference 'is an extremely high standard to
>    meet.'"

463 F.3d at 346 (citations and footnotes omitted).

### III. Analysis

Defendants Dr. Thornton-Walker and Katrice Funchess have filed a very detailed motion, supported by numerous medical records and a thorough review of Plaintiff's medical care via Affidavits of Dr. Thornton-Walker and LPN Katrice L. Funchess.

Under the case law discussed above, the Defendants must have exposed the Plaintiff to a **substantial risk of serious harm** for liability to be found. Under the facts as alleged by the Plaintiff, and as evidenced through his medical records and the affidavits, Plaintiff was never at risk for any serious harm. He has been examined, tested and treated by doctors at CMCF, EMCF, SMCI, University of Mississippi Medical Center, Rush Foundation Hospital in Meridian and George County Hospital.  Plaintiff complained of chest pains, and he was given an EKG in January, 2006, showing negative serial tropinin levels and no acute aschemia. When he complained again in February, he again was given an EKG. In June, 2006, his chest pain complaints were attributed

to anxiety, and he was treated.  He was treated again in July, 2006.  As to his complaints of back pains, x-rays were taken; prescriptive Neurontin, Ultram, Toradol, and Robaxin were all prescribed and given; a lay-in status was granted.  Further, his hernia was treated conservatively by lifting restrictions and by Plaintiff wearing a truss, or hernia belt.  Plaintiff may have wished to undergo hernia surgery, but Dr. Walker, and other physicians, found he was a high risk for surgery and did not recommend it.

The Court has carefully considered the review of the detailed medical treatment he has received, as well as portions of his medical records.  A synopsis of this lengthy treatment shall not be repeated herein.  Plaintiff's medical care at EMCF was already throughly reviewed by this Court in Cause No. 4:04cv79-TSL-JCS, <u>McGowan v. Dr. Cole, et al</u>, and his constitutional claims were found to be frivolous.  <u>See</u> Report and Recommendation [#53], filed April 5, 2006.  The claims in this case regarding his treatment at CMCF are similar to his complaints concerning EMCF.

None of Plaintiff's claims, as described by him, would involve anything more than **negligence**, and, as Plaintiff has been advised in the prior case, negligent medical care does not constitute a valid section 1983 claim.  <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 193 (5th Cir. 1993).  Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate

indifference, *which results in substantial harm. Id.* There was never a serious medical risk to Plaintiff by the actions or inactions of any of these Defendants. Plaintiff was treated for his medical complaints, and the records clearly negate any claims of "deliberate indifference" to his serious medical needs.

Plaintiff was obviously not satisfied with his medical care during his incarceration. That is unfortunate, but his displeasure is not indicative of unreasonable care or of a "deliberate indifference" to a serious medical need. He has not set forth an arguable constitutional claim in his complaints regarding his medical care, and Defendants' proffer of medical records and affidavits clearly show that no arguable fact exists in this case.

### IV.  Conclusion

For the above discussed reasons, and for all the reasons set forth in Defendants' motions and memoranda, with attached exhibits, the Court finds that Defendants' motions should be **granted**, that the complaint be dismissed with prejudice, and that Final Judgment in favor of the Defendants be entered.

IT IS THEREFORE ORDERED that this case is hereby dismissed with prejudice, and Final Judgment has been entered on this date in favor of all Defendants.

SO ORDERED, this the 24th day of January, 2008.


                                    S/ Linda R. Anderson
                              UNITED STATES MAGISTRATE JUDGE